**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-CV-21961-DPG**

VIVIAN RUGGERI,

     Plaintiff,

v.

NCL (BAHAMAS) LTD d/b/a
NORWEGIAN CRUISE LINE,

     Defendant.

_____/

**FINAL JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 54 and 58 and the Findings of Fact and Conclusions of Law enumerated by the Court on the record in open court in this case on December 8, 2023, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Final Judgment is entered against NCL (Bahamas) Ltd. and in favor of Plaintiff Vivian Ruggeri on only Count I of the Complaint for Damages, [ECF No. 1], the count for Negligent Failure to Warn.

2. The Court awards economic damages for past medical expenses in the amount of $35,441.99 and future medical expenses in the amount of $18,360 for a total of $53,801.99.

3. The Court awards past non-economic damages for the Plaintiff's pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life in the amount of $800,000.00.

4. The Court awards prejudgment interest in the amount of $162,968.55 on past non-economic damages under the General Maritime Law.[1] Accordingly, the Final Judgment amount shall be (A) $53,801.99 (economic damages) + (B) $800,000.00 (non-economic damages) + (C) $ 162,968.55 (prejudgment interest) for a total award to the Plaintiff of $1,016,770.54, for which sum let execution issue forthwith.

5. This judgment shall bear post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 and shall be enforceable as prescribed by 28 U.S.C. §§ 2001–2007, 28 U.S.C. §§ 3001–3307, and Federal Rule of Civil Procedure 69(a).

6. Taxable costs shall be awarded to the Plaintiff as the prevailing party, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, and such amount shall be added to an Amended Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of December 18, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[1] "The rate of pre-judgment interest that should be awarded is the prime rate during the relevant period." *Sunderland Marine Mut. Ins. Co. v. Weeks Marine Const. Co.*, 338 F.3d 1276, 1280 (11th Cir. 2003). The average prime interest rate from the date of injury, October 25, 2019, through the present is 4.908%. *See, e.g.*, *Jones v. Carnival*, Case No.: 04-20407 (S.D. Fla. 2006), ECF No. 220-1, Order entered February 16, 2006. Under the General Maritime Law, which the Parties have stipulated applies to this case, interest is calculated on non-economic damages from the date of the injury through the date on which the Final Judgment is entered. *See, e.g.*, *Sauers v. Alaska Barge & Transport, Inc.*, 600 F.2d 238 (9th Cir. 1979) and *Jones v. Carnival*, Case No.: 04-20407, ECF No. 220-1, Order entered February 16, 2006. Prejudgment interest is calculated as follows: $800,000.00 (non-economic damages) x 4.908% (average prime interest rate) = $39,264 (per annum rate). $39,264 (per annum rate) ÷ 365 days = $107.57 (daily rate). The number of days from the date of injury (October 25, 2019) through December 15, 2023, is 1,512 days. $107.57 (daily rate) x 1,512 days = $162,645.84 (prejudgment interest through December 15, 2023). The total prejudgment interest shall be $162,645.84 + ($107.57 x the number of days from December 15, 2023, through the date on which the Final Judgment is entered).